(Nos. 1994-2002, Consolidated—

CHARLES J. SINN, ADMINISTRATOR, No. 1994, MARGARET BEAL ET AL., No. 2002, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 15, 1933.*

MANSFIELD & COWAN, for claimants.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

The facts in the above entitled cases, except as hereinafter noted, being the same, we will consider the cases together. Both claimants seek to recover compensation under the Military and Naval Code of Illinois for the death of Private Marshall Beal, aged twenty-four, a member of Company "E", 130th Infantry, National Guard, Peoria, Illinois, and Private Richard J. Sinn, aged thirty, member of the same Company and Infantry, both residing at Peoria, Illinois.

On Sunday morning, July 31, 1932, about 8:00 a. m. both Private Beal and Private Sinn, with certain other members of the Peoria guard units voluntarily assembled, pursuant to custom, at the armory on North Adams Street, Peoria, for the purpose of journeying to the target range for instruction in rifle fire. Certain members of the guard who owned automobiles were requested to carry as passengers, other designated members. Both Beal and Sinn were directed to ride with Private Roland Streitmatter, who was driving his car. Other members of the guard in the same car were Privates Victor Faust and Virgil Meissenheimer. The target range was located at about six miles northwest of the City of Peoria, and while enroute thereto, an accident occurred when Streitmatter drove his car at a high rate into the rear of another car on the same mission which had stopped. The road was narrow and very dusty, and the accident happened at the approach of a sharp curve about a quarter of a mile from the range.

The facts are not in dispute and the Adjutant General of Illinois, C. E. Black, under date of November 2nd, 1932, made the following report to the Attorney General:

"Dear Sir: In reply to your inquiry of October 20th, regarding the facts contained in the declaration of *Arthur Beal, Admr., et al.* vs. *State of Illinois*, No. 2002, in the Court of Claims, you are informed that on July 31, 1932, Private Marshall Beal, a member of Company "E", 130th Infantry, while on his way to the rifle range, sustained an injury, due to an automobile accident, which resulted in his death.

The record of the Board, which reported the accident, indicates that several cars were proceeding in convoy to the rifle range. As the leading car approached a steep hill, it was met on a sharp turn by another car, which was headed in the opposite direction. The driver of the leading car of the convoy turned his car out in order to avoid a collision. In so doing, his car was forced into the bank on the right side of the road. On account of a cloud of dust, caused by the first car overturning, the cars in the rear of the convoy were unable to avoid piling into the bank. The last car, in which the soldier Beal was riding, crashed into the cars in front of it. It was badly wrecked and the collision resulted in serious injury to three (3) members of Company "E", one of whom was Private Marshall Beal, who suffered a fractured skull and fractured right wrist, from the effects of which he died at 11:05 A. M., August 2, 1932.

The expense for hospitalization and medical care of this soldier has been defrayed by appropriated funds made to this Department."

A similar report was made concerning Sinn, except the Adjutant General included in that report, the recommendations of the board to the effect that upon filing declaration in the Court of Claims for damages for the death of claimant's son, there should be paid to the claimant, the sum of Fifty Dollars ($50.00) per month for each and every month until June 30, 1933.

The expense for hospital and medical care in both cases had been defrayed by appropriated funds made to Adjutant General's Department. It appears from the evidence that the sum of $50.00 per month had been paid by the Adjutant General from his emergency fund covering the period from October 1, 1932, to June 30, 1933; the payment for June not having as yet been made, but it is the intention of the department to make the same.

In the Sinn case, therefore, the sum of $450.00 in full would have been paid by July first.

In the accident, Soldier Sinn suffered a fractured skull, from the effects of which he died at 6:05 p. m. on the day of the accident. .

By virtue of Section 11 of the Military and Naval Code, this court has jurisdiction to hear and determine any claim made by the heirs of an officer or enlisted man of the National Guard, killed while performing his duty. The claim in both cases arising against the State is for financial aid or assistance * * * as the merits of each case may demand. It appears from the evidence that both soldiers were in line of duty on authorized detail at the time of the accident resulting

in their deaths. They were both therefore performing their duties as guardsmen in pursuance to orders of the Commander-in-Chief of the Illinois National Guard, and in such cases, this court looks to the Illinois Compensation Act as a basis for fixing the amounts allowed.

In the Beal case, the record shows that the deceased had been gainfully employed at the Keystone Steel and Wire Company of Peoria over a period of several years prior to his death and that he contributed from $40.00 to $50.00 per month to the support of his widowed mother. He left insurance in the sum of $2,000 which was paid to her and therefore emergency payments were not paid to the mother as in the Sinn case. The record shows that his mother, Margaret Beal, aged 63 years, had no independent means at all of any kind or character from which to support herself prior to her son's death and that she was solely dependent upon her son for assistance. There were other children in the family but they had contributed little and most irregularly. The mother owned no property and had lived upon the proceeds of the life insurance policy paid her at the time of her son's death up to the hearing.

The Attorney General recommends that in the Beal case, the claimant be awarded a sum not to exceed $4,000.

In the case of Sinn, it appears that he had been gainfully employed as an accountant and book-keeper with various Peoria firms for about four years prior to his death, earning from $18 to $20 per week, and had contributed to the support of his parents. In this case, the sum of $50.00 per month had been allowed for eight months and another $50.00 would be paid by the Adjutant General's office on July first to take care of emergency needs.

We make the same finding in the Sinn case as we do in the Beal case, with the exception that we deduct the sum of $450.00 from the sum of $4,000, and recommend that an appropriation be made in the Beal case of $4,000 and that an appropriation be made in the Sinn case of $3,550.00.